CARLTON DiSANTE & FREUDENBERGER LLP
  Cheryl D. Orr, State Bar No. 143196
  Natalie A. Beccia, State Bar No. 180991
  Nancy G. Berner, State Bar No. 227142
260 California Street
Suite 500
San Francisco, California 94111
Telephone: (415) 981-3233
Facsimile: (415) 981-3246

Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MABLE PETE, | Case No. S-04-2301 DAD |
| Plaintiff, | **STIPULATION FOR AND PROTECTIVE ORDER** |
| vs. | |
| U.S. BANK NATIONAL ASSOCIATION, | |
| Defendant. | |

  This Stipulation and Protective Order is hereby entered into between defendant U.S. BANK NATIONAL ASSOCIATION ("U.S. BANK") and plaintiff Mable Pete ("Plaintiff") through their respective counsel. The purpose of this Stipulation and Protective Order is to protect against unnecessary disclosure of confidential business information and confidential personnel information about third parties that is set forth in certain documents that may be produced during the course of this litigation and/or that may be disclosed in deposition testimony or in other discovery responses. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order:

  1. During the course of this litigation, either party may produce certain documents or disclose information containing and/or constituting confidential business information or confidential personnel information about third parties. Either party may label any document containing such confidential information with the word "Confidential," which shall make that

1  document and the information contained in it subject to this Stipulation and Protective Order.
2  Either party may designate any such information disclosed at deposition or in other discovery
3  responses as "Confidential," which shall make it subject to this Stipulation and Protective Order.
4  Any copies, extracts, summaries, or descriptions of such documents, deposition testimony, or
5  information are also subject to this Stipulation and Protective Order.  The parties understand and
6  agree to designate for protection only those materials that they believe in good faith are
7  legitimately entitled to protection under relevant legal principles.

8      2.    Any documents, deposition testimony, or information protected by this Stipulation
9  and Protective Order shall not be used for any purpose except in connection with this litigation, and
10 shall not be delivered, exhibited or disclosed in whole or in part except:

11      (a)   to the parties;
12      (b)   to counsel of record for the parties in this case and person s regularly
13 employed or retained by such counsel who are assisting in the prosecution or defense of this action;
14      (c)   to relevant expert witnesses and consultants who are assisting counsel in the
15 preparation of this action for trial;
16      (d)   to the author(s) of such document;
17      (e)   filed under seal to the United States District Court, Eastern District of
18 California, and personnel regularly employed by the Court, including stenographic reporters;
19      (f)   to court reporters at depositions;
20      (g)   to any private mediator(s) selected by the parties to mediate this dispute.

21      3.    Any documents protected by this Stipulation and Protective Order shall only be
22 disclosed at deposition to third parties with a legitimate "need to know" as determined in good faith
23 by counsel proposing to disclose "confidential" documents to said third parties in order to prepare
24 this case for trial and for trial in this matter.  Said third parties shall sign the form attached as
25 Exhibit A to this Order, agreeing to be bound by the conditions of this Protective Order prior to
26 disclosure of any document protected by this Stipulation and Protective Order.

27      4.    Any person described in paragraphs 2 or 3 above to whom delivery, exhibition or
28 disclosure is made of any document or information protected by this Stipulation and Protective

Order shall be subject to the provisions of this Stipulation and Protective Order. With the exception of the individuals identified in paragraph 2(e) and (f), such persons shall be given a copy of this Stipulation and Protective Order prior to delivery, exhibition or disclosure of covered documents or information, and shall be required to execute the Acknowledgement attached hereto as Exhibit A and must agree to abide by its terms. Counsel who is disclosing such document shall retain the originals of such written acknowledgements. Such persons may make copies of such documents or prepare extracts, summaries, or descriptions of such documents only as necessary to assist in the defense or prosecution of this action.

5. At the conclusion of this litigation, including appeals, originals and all copies of the documents covered by this Stipulation and Protective Order shall be promptly returned to the producing party, provided that any expense incurred in returning the documents shall be paid by the producing party. Deposition transcripts and court documents shall remain subject to this Stipulation and Protective Order. This Stipulation and Protective Order shall remain binding unless there is an order of the Court otherwise.

6. Documents, deposition testimony and information subject to this Stipulation and Protective Order may be filed with the Court, but shall be submitted in accordance with Civil Local Rule 39-141.

7. Nothing in this Stipulation and Protective Order shall relieve either party from the legal obligation, if any, to give notice to an affected third party before producing or disclosing confidential employment records or information.

So stipulated,

Dated: September __, 2005        CARLTON DiSANTE & FREUDENBERGER LLP

By: _____/s/_____
Natalie A. Beccia
Attorneys for Defendant
U.S. BANK NATIONAL ASSOCIATION

So stipulated,

| | | |
|---|---|---|
| 1 | Dated: September __, 2005 | LAW OFFICES OF MICHAEL C. COHEN |

By: _____/s/_____
Marguerite M. Malloy
Attorney for Plaintiff MABLE PETE

**EXHIBIT A**

**Acknowledgement and Agreement To Be Bound**

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order issued by the United States District Court for the Eastern District of California in the case of <u>Pete v. U.S. Bank National Association</u>, Case No. CIV-S-04-2302 DAD.  I agree to comply with and be bound by all of the terms of this Stipulated Protective Order and I understand and acknowledge that the failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or documents that is subject to this Protective Order except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of the Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Dated: _____

By: _____
[Print Name]

_____
[Signature]

# **ORDER**

Having reviewed the foregoing Stipulation and Protective Order submitted by the parties and good causing appearing therefore, it is ordered that the Protective Order shall be entered as the order of this Court.

Dated:  October 12, 2005

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1/orders.consent/pete2301.stipord